### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GARY A. LAVITE, # N06246,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-00576-JPG** |
| | ) | |
| **WEXFORD HEALTH SYSTEMS, and,** | ) | |
| **CHIEF ADMINISTRATIVE OFFICER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events that occurred in 2012 while he was incarcerated at Menard Correctional Center ("Menard"). Wexford Health Systems and the Chief Administrative Officer of Menard (the warden) are named as defendants. More specifically, it is alleged that the defendants administered a blood test without Plaintiff's consent, and then they "worried him to death" by not telling him the results. After the fact, the defendants tried to "trick" Plaintiff into signing a consent form. Plaintiff characterizes these acts as being intentional and reckless, and violating the AIDS Confidentiality Act, 410 ILCS 305/9. Plaintiff prays for compensatory damages.

This matter is now before the Court pursuant to 28 U.S.C. § 1915A, which requires the Court to conduct a prompt threshold review of any civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## 1.  Standard of Review

In pertinent part, 28 U.S.C. § 1915A prescribes as follows:

(b) Grounds for Dismissal.– On review, the court shall identify cognizable claims
or dismiss the complaint, or any portion of the complaint, if the complaint–
>      (1) is frivolous, malicious, or fails to state a claim on which relief
>      may be granted; or
>      (2) seeks monetary relief from a defendant who is immune from
>      such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## 2.  The Complaint

Section 1983 creates a federal remedy against anyone who, under color of state law, deprives "any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  *See also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).  The complaint only specifies that the defendants violated a state law, the AIDS Confidentiality Act, 410 ILCS 305/9.  However, the Court perceives that the allegations in the complaint, and a reference to *Doe v. City of Chicago*, 883 F. Supp. 1126 (N.D. Ill. 1994), suggest constitutional allegations.  If there is federal jurisdiction, then, theoretically, the Court could exercise supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).

The Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:  Defendants Wexford Health Systems and the Chief Administrative Officer at Menard subjected Plaintiff Lavite to a blood test without a warrant or his consent, in violation of the Fourth Amendment;**

**Count 2:  Defendants Wexford Health Systems and the Chief Administrative Officer at Menard subjected Plaintiff Lavite to a blood test in violation of his right to due process under the Fourteenth Amendment;**

**Count 3:  Defendants Wexford Health Systems and the Chief Administrative Officer at Menard subjected Plaintiff Lavite to a blood test and then did not inform him of the results, in violation of the Eighth Amendment; and**

**Count 4:  Defendants Wexford Health Systems and the Chief Administrative Officer at Menard subjected Plaintiff Lavite to a blood test and did not inform him of the results, in violation of the AIDS Confidentiality Act, 410 ILCS 305/9.**

### 3.  Discussion

Although the Court has liberally construed the complaint as including three constitutional claims, those claims are flawed and must be dismissed, thereby destroying the necessary federal jurisdiction.  At the risk of offering an advisory opinion, the Court will discuss all four claims because Plaintiff will be granted leave to file an amended complaint.

**The Defendants**

The complaint fails to name a proper defendant.  Consequently, Counts 1-3 fail—destroying the only potential basis for primary jurisdiction.

The doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff must allege that a defendant is "personally responsible for the deprivation of a constitutional right."  *Id*.  Plaintiff has failed to identify the warden of Menard during the relevant time period; moreover, there is nothing in the complaint to suggest personal involvement by the warden.

Similarly, naming Wexford Health Systems, is insufficient.  A corporate defendant violates an inmate's rights if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoner. *Estate of Novack ex rel. v. Cnty. of Wood,* 226 F.3d 525, 530 (7th Cir. 2000); *Woodward v. Corr. Med. Servs. of Ill. Inc.,* 368 F.3d 917, 927 (7th Cir. 2004).  A corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Id.* Plaintiff alleges no such policy or practice.

**The Federal Claims**

In consideration of Plaintiff's *pro se* status, but at the risk of creating mere straw men, the Court has framed three potential constitutional claims.  Count 1 is premised upon case law recognizing that invasions of the integrity of an inmate's body may violate the Fourth

Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1970) (body cavity searches); *Forbes v. Trigg*, 976 F.2d 308, 313 (7th Cir. 1992) (drug testing via urinalysis). Count 2, a due process claim, is based on *Washington v. Harper*, 494 U.S. 210 222 (1990), which recognized that the unwanted administration of treatment without due process can violate the Fourteenth Amendment. Count 3, asserting an Eighth Amendment claim, rests upon the prohibition in the Eighth Amendment against cruel and unusual punishment, which is implicated by allegations in the complaint regarding drawing blood (requiring a needle), and "worrying Plaintiff to death."

Count 3, the Eighth Amendment claim cannot possibly thrive based upon the allegations in the present complaint. An Eighth Amendment claim cannot be predicated on the *de minimis* use of force that would result from a mere blood draw. *See Whitley v. Albers*, 475 U.S. 312, 320-21, 327 (1986) (the amount of force must be repugnant to the conscience of mankind); *see also Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Also, worry alone cannot form the basis of an Eighth Amendment violation. An Eighth Amendment claim requires a deprivation sufficiently serious to have denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *see also Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Therefore, Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted.

Relative to Counts 1-3, an inmate may not pursue an emotional distress injury unless accompanied by a physical injury, which has not been alleged. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

**The AIDS Confidentiality Act**

The complaint cites to the AIDS Confidentiality Act, 410 ILCS 305/9, which generally forbids disclosure of "the identity of any person upon whom a test is performed, or the results of such a test in a manner which permits identification of the subject of the test." The Court infers that Plaintiff was subjected to an HIV/AIDS blood test. Plaintiff takes issue with *not* being told the results of the test; therefore, the cited provision of the Act could not have been violated. Therefore, Count 4 fails to state a claim upon which relief can be granted and must be dismissed.

Again, in consideration of Plaintiff's *pro se* status, the Court notes that another provision of the Illinois AIDS Confidentiality Act may be relevant. Section 4 provides that "[n]o person may order an HIV test without first receiving the written informed consent of the subject of the test or the subject's legally authorized representative." 410 ILCS 305/4. Nevertheless, Section 8 of the Act, provides a possible escape hatch:

> Notwithstanding the provisions of Sections 4 and 5 of this Act, written informed consent, information and counseling are not required for the performance of an HIV test ... (b) when in the judgment of the physician, such testing is medically indicated to provide appropriate diagnosis and treatment to the subject of the test, provided that the subject of the test has otherwise provided his or her consent to such physician for medical treatment.

410 ILCS 305/8. Plaintiff should keep these things in mind when contemplating an amended complaint.

## 4.  **Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1-4** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted; Defendants **WEXFORD HEALTH SYSTEMS** and **CHIEF ADMINISTRATIVE OFFICER** are **DISMISSED** from this action without prejudice. Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before August 19, 2013, Plaintiff shall file an amended complaint in accordance with this Order.  Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Failure to file a viable amended complaint could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether he elects not to file an amended complaint, and regardless of whether any amended complaint is dismissed upon preliminary review.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 17, 2013**

s/J. Phil Gilbert
**United States District Judge**