## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GARY A. LAVITE, # N06246,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00576-JPG** |
| | ) | |
| **KATRINA OAKLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The original complaint (Doc. 1) pertained to events that occurred in 2012 while he was incarcerated at Menard Correctional Center; Wexford Health Systems and the Chief Administrative Officer of Menard were named as defendants. More specifically, it was alleged that the defendants administered a blood test without Plaintiff's consent, and violated the AIDS Confidentiality Act, 410 ILCS 305/9. That complaint was dismissed without prejudice, and Plaintiff was given an opportunity to file an amended complaint (Doc. 8).

Plaintiff has filed an amended complaint (Doc. 14), along with a second motion for recruitment of counsel (Doc. 15; *see also* Doc. 9). In addition, Plaintiff moved for a temporary restraining order relating to a filing fee issue (Doc. 16). The motion for temporary restraining order was denied (Doc. 17).

This matter is now before the Court pursuant to 28 U.S.C. § 1915A, which requires the Court to conduct a prompt threshold review of any civil complaint in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity.   The

amended complaint (Doc. 14) will be reviewed in conjunction with consideration of Plaintiff's

two pending motions for counsel (Docs. 9, 15).

### The Amended Complaint

In pertinent part, 28 U.S.C. § 1915A prescribes as follows:

(b) Grounds for Dismissal.– On review, the court shall identify cognizable claims
or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to

relief must cross "the line between possibility and plausibility. *Id*. at 557.   Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual

allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a

plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The amended complaint names Nurse Katrina Oakley as the sole defendant.  The amended pleading consists of only the first and sixth numbered pages of the six-page form civil rights complaint used in this district.  No claims whatsoever are asserted.  Amendment by interlineation is not permitted under Local Rule 15.1.  Rather, consistent with Federal Rule of Civil Procedure 8, all claims a plaintiff desires to pursue must be contained in the pleading—the Court will not look back to Plaintiff's original complaint.  In any event, the original complaint is not drafted in a manner that the Court can merely insert Nurse Oakley's name.  A Section 1983 civil rights action must be premised upon personal involvement, so it is essential that the amended complaint describe what it is that Nurse Oakley supposedly did to violate Plaintiff's constitutional rights.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  For these reasons, the amended complaint (Doc. 14) will be dismissed, and Plaintiff will be afforded a final opportunity to file a viable amended complaint.

The Court's order dismissing the original complaint had construed the pleading as asserting four separate claims.  The flaws in the complaint were discussed and guidance was offered.  Thus, Plaintiff's submission of such an incomplete amended complaint brings Plaintiff's requests for counsel to the fore.  Is Plaintiff capable of proceeding *pro se*?

### Recruitment of Counsel

Plaintiff's first motion for recruitment of counsel (Doc. 9) reflects that he has attempted to secure representation, to no avail.   Lavite's second motion (Doc. 15) consists of only the first page of the three-page form motion used in this district.

There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v.*

*Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).   Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff is indigent, and he has been granted pauper status (Doc. 6).  Plaintiff's motions indicate that he has a high school education.  A review of the original complaint indicates that Plaintiff is capable of adequately drafting an amended complaint consistent with the guidance offered in the Court's previous order (Doc. 8).  (Essentially, Plaintiff just needs to describe what Nurse Oakley did in a manner consistent with the Court's comments in Doc. 8.)  It also appears that Lavite is capable of litigating this case through trial.  For these reasons, his motions (Docs. 9, 15) will be denied.  However, the Court will remain open to another motion for recruitment of counsel as this case progresses.

<u>**Disposition**</u>

**IT IS HERBY ORDERED** that Plaintiff Lavite's two motions for recruitment of counsel (Docs. 9, 15) are **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that, for the reasons stated, the amended complaint (Doc. 14) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted; Defendant **KATRINA OAKLEY** is **DISMISSED without prejudice** from this action. Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before **March 20, 2014**, Plaintiff shall file a second amended complaint.  Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.  It is unlikely that Plaintiff will be afforded an opportunity to file a third amended complaint if a colorable claim is not stated; instead, dismissal of this action is almost certain.  Failure to file a second amended complaint will likely result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff is **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether he elects not to file a second amended complaint, and regardless of whether any amended complaint is dismissed upon preliminary review.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk of Court is directed to send Plaintiff a civil rights complaint form and the district's Pro Se Litigant Guide, along with a copy of both this Order <u>and</u> the Court's Order dated July 17, 2013 (Doc. 8).

**IT IS SO ORDERED.**

**DATED: February 18, 2014**

<u>*s/ J. Phil Gilbert*</u>
**United States District Judge**