IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY A. LAVITE, # N06246,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00576-JPG |
| | ) |
| **KATRINA OAKLEY,** | ) |
| **WEXFORD HEALTH SOURCES,** | ) |
| **LISA KREBS,** | ) |
| **DR. SANTOS, and** | ) |
| **DR. BUTALID,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint (Doc. 21) is now before the Court pursuant to 28 U.S.C. § 1915A, which requires a prompt preliminary review of any civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## Procedural History

The original complaint (Doc. 1) pertained to events that occurred in 2012 while Plaintiff was incarcerated at Menard Correctional Center; Wexford Health Systems and the Chief Administrative Officer of Menard were named as defendants. More specifically, it was alleged that the defendants administered a blood test without Plaintiff's consent, and violated the AIDS Confidentiality Act, 410 ILCS 305/9. That complaint was dismissed without prejudice, and Plaintiff was given an opportunity to file an amended complaint (Doc. 8).

The amended complaint (Doc. 14), complaint named Nurse Katrina Oakley as the sole

defendant. The amended pleading consists of only the first and sixth numbered pages of the six-page form civil rights complaint used in this district. No claims whatsoever were asserted. Because amendment by interlineation is not permitted under Local Rule 15.1, Plaintiff was given another opportunity to file a viable complaint (Doc. 18). The Court reminded Plaintiff that a Section 1983 civil rights action must be premised upon personal involvement, so it is essential that the amended complaint describe what it is that Nurse Oakley supposedly did to violate Plaintiff's constitutional rights. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

### The Second Amended Complaint

In pertinent part, 28 U.S.C. § 1915A prescribes as follows:

(b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
 (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a

plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The second amended complaint names as defendants Katrina Oakley, Lisa Krebs, Dr. Santos and Dr. Butalid.  The narrative of the claims is a half-page in length.

Plaintiff alleges that on June 28, 2012, while he was housed at Menard Correctional Center, "nurses" used a needle to perform an AIDS test on Plaintiff.  Plaintiff contends the administration of the test, and the nurses' failure to inform him of the results, violated the Illinois AIDS Confidentiality Act (410 ILCS 305/1 *et seq*.).

When the injection site became infected, it was discovered that Plaintiff had contracted Hepatitis C.  According to Plaintiff, after the fact, the Illinois Department of Corrections attempted to get Plaintiff to sign a form consenting to the AIDS test.

It is further alleged that "they" have been deliberately indifferent to Plaintiff's medical condition by not offering him any treatment.  Similarly, it is alleged that "defendants at Centralia Correctional Center" have been deliberately indifferent by not offering Plaintiff any treatment and by harassing him by asking for blood.

Plaintiff prays for monetary damages.

## Discussion

Despite the Court's warning that a Section 1983 civil rights action must be premised upon personal involvement (*see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)), Plaintiff has again failed to describe what each defendant supposedly did to violate his

constitutional rights. The narrative of the second amended complaint does not mention any defendant by name. The reference to "nurses" administering the AIDS test at Menard is too vague, particularly when it is unclear where Katrina Oakley and Lisa Krebs work and the events at issue occurred at two different facilities.

Wexford Health Sources, Dr. Santos and Dr. Butalid are mentioned in the case caption, but not in the narrative. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Again, with two facilities being discussed, it is essential to be more specific than referring to "the defendants."

The second amended complaint fails to state a colorable constitutional claim against any named defendant. Without a viable constitutional claim actionable under 42 U.S.C. § 1983, the Court cannot even consider exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### Motion for Discovery

Plaintiff has filed a motion for discovery (Doc. 22). He asks that the Illinois Department of Corrections the names of "defendants" at Menard Correctional Center and Pinckneyville Correctional Center who violated the Illinois AIDS Confidentiality Act.

In that no viable complaint has been pleaded, and the discovery sought is not relevant to the flaws in the second amended complaint, it is premature to permit discovery. Therefore, Plaintiff's motion (Doc. 22) will be **DENIED as premature**.

### Disposition

**IT IS HERBY ORDERED** that Plaintiff Lavite's second amended complaint (Doc. 21) is **DISMISSED without prejudice**; accordingly Defendants **KATRINA OAKLEY**, **LISA KREBS**, **WEXFORD HEALTH SOURCES**, **DR. SANTOS** and **DR. BUTALID** are all **DISMISSED without prejudice**. Plaintiff is **ADVISED** that this dismissal shall not count as

one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that on or before **June 16, 2014**, Plaintiff shall file a third amended complaint. Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff will <u>not</u> be afforded an opportunity to file a fourth amended complaint if a colorable claim is not stated; instead, dismissal of this action is almost certain. Failure to file a third amended complaint will likely result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery (Doc. 22) is **DENIED as premature**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is directed to send Plaintiff a civil rights complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

<u>*s/ J. Phil Gilbert*</u><br>**United States District Judge**